Filed 4/22/13  P. v. Lemus CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047118 |
| v. | (Super. Ct. No. 10WF0903) |
| DAVID SANTILLAN LEMUS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant David Santillan Lemus was convicted by a jury of an assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)). They acquitted him of charges of attempted murder and criminal threats, and were unable to reach a verdict on the lesser included offense of attempted voluntary manslaughter, arising from the same altercation. The trial court declared a mistrial on that charge and later dismissed it in the interests of justice (Pen. Code, § 1385, subd. (a)). Defendant was sentenced to the midterm of three years for the assault with a deadly weapon and ordered to pay restitution and various fines and fees. He filed a timely appeal.

We appointed counsel to represent defendant on appeal. While not arguing against defendant, counsel filed a brief which fully set forth the facts of the case and advised us there were no arguable issues on appeal. The brief included a review of the record and consideration of possible arguments, but concluded none of those arguments had any chance of success.

We informed defendant he had 30 days to file written argument on his own behalf. Three months have passed and we have received no such argument. We have reviewed the record of defendant's trial and the brief filed by defendant's counsel, and find ourselves in agreement with defendant's counsel: There is no arguable error in the proceedings against defendant. (*People v. Wende* (1979) 25 Cal.3d 436.)

FACTS

Defendant was visiting at his girlfriend's house when he got into a shouting match with Anthony Kightlinger. Kightlinger tried to calm him down, but defendant began yelling that he was going to kill him. Kightlinger invited the much smaller defendant to "settle the matter outside," but when he heard another person warn that defendant had a knife, he closed the security screen door between him and defendant and

2

held it shut.  Sure enough, defendant was at the door with a large carving knife in his hand.

Kightlinger thought he heard the knife drop, but defendant got through the door with a knife in his hand and stabbed Kightlinger once in the kidney area, once in the back, and once in the chest.  Nonetheless, Kightlinger got the better of defendant and began kicking him.  Defendant fled with his girlfriend.  They left so precipitously, she never went back to the house where she'd been living – the scene of the altercation – and never picked up her belongings.

They were found, two years later, in northern Utah.  When contacted by the police, defendant denied ever having been at the crime scene or having taken part in any fight there.  He was extradited for trial.  At trial, his defense was that he had acted in self-defense.

DISCUSSION

We have carefully scrutinized the trial record.  The case against defendant was overwhelming; indeed, trial counsel pulled off something of a minor miracle in getting defendant acquitted of the criminal threats ("I'm going to kill you") and attempted murder (three stab wounds to the torso) offenses.  Defendant not only attacked an apparently unarmed man (Kightlinger actually had a pocket knife in his pants, but did not remember it until he'd been stabbed three times) with a knife, he also broke through a door to pursue the man.  It is difficult to make a convincing self-defense claim out of those facts.

Viewing the evidence in the light most favorable to the verdict, as we are required to do (*People v. Young* (2005) 34 Cal.4th 1149, 1180), we conclude there was plenty here that was reasonable, credible, and of solid value to support a verdict beyond a reasonable doubt.  (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

3

Appellate counsel obviously devoted a considerable amount of effort to mounting an appeal based upon ineffective assistance of counsel or prejudicial misconduct by the prosecution on the issue of defendant's flight from the scene. While defendant did not testify, his girlfriend did. She was asked by defendant's trial attorney where they went after the crime and said she didn't recall where they went immediately afterward. When the prosecutor cross-examined, he brought out the fact they had decamped to Utah and she never even went back to retrieve her belongings. At that point, the trial court wisely interrupted cross-examination to appoint counsel for the witness, concerned that she might be about to incriminate herself under Penal Code section 32 (harboring a felon). And, after counsel was appointed for her, she refused to answer any further questions about how she and defendant ended up in Utah.

So appellate counsel considered the possibility trial counsel had failed to provide adequate assistance in failing to object to the Utah testimony, the prosecutor had committed misconduct by referring to the defendant's apprehension in Utah, and/or the judge had erred in instructing on it. But appellate counsel correctly abandoned any such avenues. The testimony they went to Utah and didn't even stop to get their belongings was clearly relevant on the issue of consciousness of guilt. While the trial court stopped that testimony before it finished and commented it was probably beyond the scope of direct examination, he never struck the testimony, and since the last question asked of the witness by defendant's attorney was, "[w]here did you go [after the incident]," it was a very close call on whether it was beyond the scope of direct.

All of this means the flight instruction was based on properly received evidence, trial counsel had little chance of keeping it out entirely and did a good job of limiting it, and the prosecution had every right to refer to it in closing argument. It also means appellate counsel was correct in abandoning it as a possible avenue of appeal.

Counsel also considered arguing the trial court abused its discretion in sentencing defendant to the midterm of three years for this offense, rather than a low-

4

term sentence.  We agree with counsel this was a doomed argument.  The victim received three stab wounds in areas where serious injury could have been anticipated.  Given the fact there are many assaults with a deadly weapon that result in no injury whatsoever, and the singlemindedness with which defendant pursued his victim, the chances of convincing an appellate court that a mid-term sentence for this offense was an abuse of discretion are nugatory.

We find nothing else about the conduct of this trial or the sentencing of defendant that seems out of the ordinary.  The trial was fairly and properly conducted, the defendant received what we would consider a favorable verdict, and the trial court sentenced appropriately.  Appellate counsel was right:  there are no issues on appeal.

DISPOSITION

The judgment is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

THOMPSON, J.

5